1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCUS BENJAMIN WARD,

11          Plaintiff,                    No. CIV S-10-1942 DAD P

12          vs.

13   SHERMAN CHAMPEN, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20              **PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

21          Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

1

1   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

2   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

3   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5   § 1915(b)(2).

6                          **SCREENING REQUIREMENT**

7                  The court is required to screen complaints brought by prisoners seeking relief

8   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

9   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12  U.S.C. § 1915A(b)(1) & (2).

13                 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20                 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

24  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

25  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5              The Civil Rights Act under which this action was filed provides as follows:

6              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
7              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
8              law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16              Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21  allegations concerning the involvement of official personnel in civil rights violations are not

22  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23                                **PLAINTIFF'S COMPLAINT**

24              In his complaint, plaintiff has identified Sherman Champen and Clark Kelso as

25  defendants to this action.  Plaintiff alleges that defendant Champen, a nurse practitioner at the

26  California Medical Facility, failed to provide him adequate medical care for his severely injured

1   left shoulder rotator-cuff.  As to defendant Kelso, plaintiff alleges that he failed in his duties as

2   the federally appointed Receiver in charge of overseeing the California Department of

3   Corrections and Rehabilitation's medical system.  More specifically, plaintiff alleges that when

4   he notified defendant Kelso in a letter that he was suffering from chronic left shoulder pain,

5   defendant Kelso should have ensured that surgery and any other necessary medical treatment was

6   provided to him.  Instead, plaintiff alleges that defendant Kelso merely wrote him a letter, stating

7   therein that he appeared to have received sufficient medical treatment.  (Compl. at 3-7.)

8           Based on the above allegations, plaintiff claims that defendants Champen and

9   Kelso violated his Eighth Amendment right to adequate medical treatment.  In terms of relief,

10  plaintiff seeks monetary and injunctive relief.  (Id. at 3.)

**DISCUSSION**

12          The allegations in plaintiff's complaint are so vague and conclusory that the court

13  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

14  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

15  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

16  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has

17  failed to comply with the requirements of Fed. R. Civ. P. 8(a), his complaint must be dismissed.

18  The court will, however, grant plaintiff leave to file an amended complaint.

19          If plaintiff elects to file an amended complaint, he is advised of the following

20  legal standards that appear to govern the claims he is attempting to present.  To present a viable

21  claim for inadequate medical care under the Eighth Amendment, plaintiff must allege facts

22  demonstrating that defendants' alleged mistreatment rose to the level of "deliberate indifference

23  to [his] serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In this regard, the

24  Ninth Circuit has explained that "the indifference to [a plaintiff's] medical needs must be

25  substantial."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

26  U.S. at 105-06).  "Mere 'indifference,' 'negligence,' or 'medical malpractice,'" is insufficient to

1  support this cause of action.  Id.

2  In addition, plaintiff is reminded that supervisorial personnel are generally not

3  liable under § 1983, unless there is a causal link between the official's actions and the claimed

4  constitutional violation.  See Fayle, 607 F.2d at 862; see also Mosher, 589 F.2d at 441.  In this

5  regard, plaintiff's Eighth Amendment claim against defendant Kelso is not cognizable under

6  § 1983 unless plaintiff alleges facts demonstrating that defendant Kelso's actions constituted

7  "deliberate indifference to his serious medical needs."  Estelle, 429 U.S. at 106.  However, as

8  presented in his complaint, plaintiff's allegations against defendant Kelso appear to claim no

9  more than negligence on defendant Kelso's part.

10  Finally, plaintiff is informed that the court cannot refer to prior pleadings in order

11  to make his amended complaint complete.  Local Rule 220 requires that an amended complaint

12  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

13  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

14  (9th Cir. 1967).  Once plaintiff files an amended complaint, the prior complaint no longer serves

15  any function in the case.  Therefore, in an amended complaint each claim and the involvement of

16  each defendant must be sufficiently alleged.

## CONCLUSION

18  In accordance with the above, IT IS HEREBY ORDERED that:

19  1.  Plaintiff's July 22, 2010 application to proceed in forma pauperis (Doc. No. 2)

20  is granted;

21  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22  The fee shall be collected and paid in accordance with this court's order to the Director of the

23  California Department of Corrections and Rehabilitation filed concurrently herewith;

24  3.  Plaintiff's complaint (Doc. No. 1) is dismissed;

25  4.  Plaintiff is granted thirty days from the date of service of this order to file an

26  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

2  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

3  amended complaint in accordance with this order will result in a recommendation that this action

4  be dismissed without prejudice; and

5          5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

6  civil rights action.

7  DATED: August 2, 2010.

8

9  _____

   DALE A. DROZD

10  UNITED STATES MAGISTRATE JUDGE

11  DAD:sj
   ward1942.14a

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6