IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS BENJAMIN WARD,

     Plaintiff,                     No. CIV S-10-1942 DAD P

     vs.

SHERMAN CHAMPEN, et al.,

     Defendants.              <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Several motions by both parties are pending before the court.

       On March 17, 2011, defendants filed a motion to compel. On March 24, 2011, defendants filed a notice of withdrawal of their motion because they received plaintiff's responses to their discovery requests. Under these circumstances, the court will deem defendants' motion to compel withdrawn.

       On March 21, 2011, plaintiff filed a motion to certify Mr. Justin L. Ward as his attorney of record for the limited purpose of conducting discovery on his behalf. Plaintiff also filed a motion for a sixty-day extension of time to conduct discovery. Defendants have opposed both motions, and plaintiff has filed replies in support of both motions.

/////

1

As to plaintiff's motion to certify Mr. Justin L. Ward as his attorney, plaintiff is advised that under Local Rule 182, "no attorney may participate in any action unless the attorney has appeared as an attorney of record." See Local Rule 182(a)(1). Here, plaintiff's purported retained counsel has not appeared in this action as an attorney of record. Nor has plaintiff submitted any notices, declarations, or other documents from Mr. Justin L. Ward indicating that he is willing to represent plaintiff as his counsel of record in this matter. Accordingly, the court will not certify Mr. Justin L. Ward or otherwise recognize him as plaintiff's counsel at this time. That order is without prejudice to Attorney Ward filing a motion to substitute in as plaintiff's counsel of record in this action.

As to plaintiff's motion to extend discovery, plaintiff is advised that in the absence of good cause, the court will not modify the scheduling order in this case. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause exists when the moving party demonstrates that he could not meet a deadline despite exercising due diligence. Id. at 609. Here, plaintiff has not shown why discovery could not be completed in the four months allotted in the court's scheduling order or demonstrated good cause to extend the discovery deadline by sixty days. However, the court will allow plaintiff to renew his motion in the event that he retains counsel and counsel makes an appearance as attorney of record in this case.

Finally, on June 9, 2011, defendants filed a motion for summary judgment. Instead of filing an opposition to the motion, plaintiff filed a motion to strike defendants' motion as untimely. Defendants have opposed plaintiff's motion to strike, and plaintiff has filed a reply in support of his motion. Plaintiff is advised that, under the court's discovery and scheduling order, the parties were allowed to file dispositive motions on or before June 10, 2011. Defendants filed their motion on June 9, 2011, and therefore their motion is timely. Accordingly, the court will deny plaintiff's motion to strike. In addition, in the interest of justice, the court

/////

will grant plaintiff thirty days to file a proper opposition to defendants' motion for summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. No. 22) is deemed withdrawn;

2. Plaintiff's motion for certification of attorney (Doc. No. 24) is denied without prejudice;

3. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 23) is denied without prejudice;

4. Plaintiff's motion to strike (Doc. No. 31) is denied; and

5. Plaintiff shall file an opposition to defendants' motion for summary judgment within thirty days of the date of service of this order.  Defendants shall file a reply, if any, in accordance with Local Rule 230(l).

DATED: July 28, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ward1942.mots